IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TWIN-MED LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  08 CV 3377 |
| | ) | |
| 7315 N. ST. LOUIS, LLC and | ) | Judge Zagel |
| GREYSTONE ASSOCIATES, INC., | ) | Magistrate Judge Keys |
| | ) | |
| Defendants. | ) | |

### RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Twin-Med LLC ("Twin-Med"), by its attorneys, responds in opposition to defendants' motion to dismiss as follows:

### INTRODUCTION

Twin-Med is a medical supplier for acute-care hospitals, and it rented space from the defendants.  In February 2008, defendants improperly authorized demolition and construction work to take place at Twin-Med's warehouse, causing hundreds of thousands of dollars in damage.  Rather than waiting for Twin-Med's lease to expire, defendants went ahead with their work, and, in so doing, contaminated Twin-Med's medical supplies. Twin-Med was never notified that defendants intended to perform work at the warehouse, and defendants failed to take any precautions to protect Twin-Med's inventory.  Twin-Med has filed this lawsuit to recover the losses it suffered from defendants' improper conduct.

Defendants have moved to dismiss Count III of the Complaint for breach of the covenant of quiet enjoyment.  While Twin-Med believes that it has a viable claim for defendants' breach, *see 64 East Walton, Inc. v. Chicago Title and Trust Co.*, 69 Ill. App. 3d 635 (1st Dist. 1979)

(holding that a lessor could remain in possession of the property and still maintain an action for damages for breach of covenant of quiet enjoyment), Twin-Med has agreed to voluntarily dismiss that claim, without prejudice.[1]  However, defendants also have tried to extricate Greystone Associates, Inc. ("Greystone") from this case, and that should not be allowed.

## FACTS

Twin-Med entered into a lease agreement with 7315 N. St. Louis, LLC ("St. Louis LLC") and Greystone for an industrial building, including a warehouse and an office space, ("Property") in Skokie, Illinois.  Compl. ¶ 6.  St. Louis LLC is the owner of the Property, and Greystone acts as it Managing Agent.  *Id*. ¶ 3.  Twin-Med stored medical supplies at the Property's warehouse, and required a sterile-like environment to eliminate the risk of contamination.  *Id*. ¶ 8.  Nevertheless, in February, 2008, defendants performed work at the warehouse without notifying Twin-Med or taking precautions to protect Twin-Med's property once work began.  *Id*. ¶¶ 9 – 11.  The work done by defendants included the demolition of a cement wall in the warehouse.  *Id*.  Dirt and dust covered the warehouse and the contents of the warehouse, including Twin-Med's medical supplies.  *Id*. ¶ 12.  Twin-Med's contaminated product was rendered unusable.  *Id*. ¶ 13.  Defendants never compensated Twin-Med for any of its losses.

## ARGUMENT

"A motion to dismiss tests the sufficiency of a complaint, not the merits of a case." *Saltzman v. Pella Corp.*, 2007 WL 844883, *1 (N.D. Ill, March 20, 2007) (Zagel, J.), *citing Autry v. Northwest Premium Services, Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998).  In reviewing defendants' motion to dismiss, the Court must construe all allegations in the light most favorable to Twin-Med and accept all well-pled facts and allegations as true.  *Boring v. World Gym-*

---

[1] Defendants have agreed to a stipulation to allow plaintiff to voluntarily dismiss Count III for breach of the covenant of quiet enjoyment.  As soon as the stipulation has been executed, plaintiff will file it with the Court.

2

*Bishop, Inc.*, 2007 WL 1424612, *1 (N.D. Ill., May 14, 2007) (Zagel, J.). Defendants' motion cannot be granted if Twin-Med can prove any set of facts that would entitle it to relief. *Id*. Applying these standards, the Court should deny the motion to dismiss.

### Greystone is a proper defendant in the contract case

Greystone has been named as a defendant in the breach of contract and negligence actions, and it is a proper defendant in both counts. Although in general an agent will not be liable for a contract entered on behalf of its principal, "[a]n agent may expressly agree to be personally bound or **it may be inferred by implication reasonably drawn from all the facts and circumstances in evidence**." *Western Cas. & Sur. Co. v. Bauman Ins. Agency*, 81 Ill.App.3d 485 (2nd Dist. 1980) (emphasis added). In this case, and particularly in light of the standard to be used in deciding the pending motion, there are more that enough facts to conclude that Greystone is bound by the contract.

For example, Twin-Med has alleged that Greystone was the managing agent of the Property, and Twin-Med has alleged that Greystone was involved in the work giving rise to this lawsuit. *See, e.g.,* Compl. ¶¶ 3, 9-11. These facts alone would be sufficient to infer that Greystone should be bound by the lease. But there is more. Defendants submitted additional documents with their motion, and Twin-Med has no objection to the Court considering these documents—they confirm Greystone's active role.[2] *See* Defendants' Exhibits B – D. As noted in the first amendment to the lease, for instance, the lease was entered into "by and between Greystone Associates, as Managing Agent" for 7315 N. St. Louis, LLC, as Lessor. *See* Defs.' Exhibit C. The signature line identified St. Louis LLC *and* Greystone as Lessor, and was signed

---

[2] Although plaintiff was under no obligation to submit the materials identified by defendants, the materials are germane to the issues, and plaintiff has no opposition to their being considered with this motion. *See, e.g., Venture Assocs. Corp. v. Zenith Data Systems Corp.*, 987 F. 2s 429 (7th Cir. 1993) (defendant may introduce documents to be considered on a motion to dismiss if they are germane to the case).

3

by Baruch Schur on behalf of both entities. *Id.* Likewise, Twin-Med has alleged and believes that both entities share common control and ownership. *See* Compl. ¶ 3. Schur also negotiated an extension of the lease in November, 2006, which he signed on behalf of both St. Louis LCC and Greystone. *See* Defs.' Exhibit B.

The relationship between Greystone and St. Louis LLC is easily distinguishable from the agency relationship in *Storm & Assoc. v. Cuculich*—the only case cited by defendants in their motion. In that case, defendant was an attorney who contacted another attorney to act as co-counsel. *Storm & Assoc. v. Cuculich*, 298 Ill.App.3d 1040 (1st Dist. 1998). When the client refused to pay co-counsel for their services, defendant was sued for fees. *Id*. at 1045. The Court dismissed the claim, holding that defendant entered into the agreement with co-counsel only acting on behalf of his clients, and that plaintiff knew he was being hired by the clients at the time the retainer agreement was entered into. *Id*. at 1054. Plaintiff failed to allege that defendant agreed or intended to become personally liable for the payment of fees. *Id*. That case has nothing to do with this case.

Unlike *Storm*, Greystone did not just sign off on the contract, but was the Managing Agent of the property at issue, and was identified as a "lessor" under the documents. Greystone also was involved in the actions that give rise to this complaint. All in all, when the complaint is viewed in the light most favorable to plaintiff, and when all inferences are drawn in Twin-Med's favor, it is apparent that Greystone was more than a mere leasing agent. Greystone was actively involved with the lease, and, under the circumstances, can and should be bound by the terms of the contact. Under the facts and circumstances of this case, Greystone is a proper defendant in the contract claim and should not be dismissed.

**Greystone is a proper defendant in the negligence case**

Defendants do not specifically address the negligence claim anywhere in their motion to dismiss, but their request for relief suggests that they want to remove Greystone for that claim, too. There is no basis to argue Greystone's dismissal from this claim. The law is clear. In Illinois a managing agent may be liable to a tenant for negligence. *See Dowling v. American District Telegraph Co.*, 1988 WL 93939 (N.D. Ill., Sept. 2, 1988) (J. Nordberg) (holding that a managing agent who takes charge of a building for the owner assumes the responsibility of performing the owner's duty to others in that respect). There is no question that Greystone was the Managing Agent for the Property. Defendants represented as much in the amendment to the lease and in correspondence to Twin-Med. As such, Greystone must remain a party to Count I.

**CONCLUSION**

The Court should reject defendants' efforts to remove Greystone from this case. Greystone is a proper defendant, and the motion to dismiss should be denied.

TWIN-MED LLC,

By: /s/ Cassandra M. Crane
    One of the Attorneys for Plaintiff

Matthew S. Miller
Cassandra M. Crane
**Much Shelist Denenberg
 Ament & Rubenstein, P.C.**
191 North Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 521-2000
Firm ID 80580

## Certificate of Service

I hereby certify that I served **Twin Med's Response in Opposition to Defendants' Motion to Dismiss** via the court's electronic transmission facilities on August 14, 2008 on:

>Gary I. Blackman
>Amy A. Pines
>Levenfeld Pearlstein, LLC
>2 N. LaSalle St., Suite 1300
>Chicago, Illinois 60602


/s/ Cassandra M. Crane